

FILED
CLERK, U.S DISTRICT COURT

AUG 16 2004

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

ENTERED
CLERK. U.S. DISTRICT COURT

AUG 17 2004

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MITSUI SUMITOMO
INSURANCE CO., LTD.,

    Plaintiff,

v.

UNITED TRAFFIC SERVICES,
INC., et al.,

    Defendants.

CASE NO. CV 04-4828 AHM
(AJWx)  BC314612

**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

On April 28, 2004, Plaintiff filed this action against fourteen Defendants in Los Angeles Superior Court for non-delivery of cargo, "negligence/willful misconduct," breach of contract, breach of bailment, and breach of warranty. Notice of Removal ("NOR"), Exh. A. On July 1, 2004, Defendant UTXL, Inc. ("UTXL") removed this action to federal court alleging removal jurisdiction based on a federal question. NOR, ¶ 3 (citing Carmack Amendment to the Interstate Commerce Act); 28 U.S.C. § 1441(b). Plaintiff requests that the Court remand this action to state court based on any of three alternate defects in UTXL's removal: (1) UTXL did not remove the case within 30 days of Plaintiff serving the first Defendant, Cargo Solution, Inc.; (2) UTXL failed to join the other served Defendants in the Notice of Removal; or (3) removal is untimely

17

even if the Court were to hold that each Defendant is entitled to its own 30-day period to remove the case rather than beginning the 30-day clock for all Defendants when Plaintiff served Cargo Solution, Inc. The Court GRANTS the motion on the basis of Plaintiff's third argument. No hearing is necessary. Fed. R. Civ. P. 78; Local Rule 7-15.

UTXL states that it was served with the Complaint on May 26, 2004 and that "[r]emoval is timely in that no more than thirty days have elapsed since Defendant was served with the initial pleading." NOR, ¶¶ 2, 6. Plaintiff served UTXL in Kansas City, Missouri pursuant to California Code of Civil Procedure Section 415.40 ("Section 415.40"),[1] which provides in relevant part:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Code Civ. Proc. Code § 415.40; NOR, ¶ 2, Exh. B (proof of service of summons). UTXL contends that service was not complete until the tenth day after mailing, June 5, 2004, and thus, removal is timely because the 30-day time limit did not expire until July 5, 2004. Def.'s Opp'n, 5:3-10. Plaintiff, on the other hand, argues that removal is untimely because service was complete on the date of mailing, May 26, 2004, and UTXL did not remove the case until 36 days later. Pl.'s Reply, 5:20-7:2.

The removal statutes are strictly construed against removal jurisdiction and a court should resolve any doubts in favor of remanding the case to state court. *McAnally Enters., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Federal law

---

[1] Fed. R. Civ. P. 4(h)(1) authorizes service upon a corporation pursuant to either state or federal rules of civil procedure.

2

requires that if a defendant wishes to remove an action, "[t]he notice of removal...shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading..." 28 U.S.C. § 1446(b). Where the plaintiff makes service by mail pursuant to state law, however, state law determines when such service becomes effective. Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 2:900.1 (The Rutter Group 2004); *see also Student A. v. Metcho*, 710 F. Supp. 267, 268 (N.D. Cal. 1989). The California Supreme Court, sitting *in bank*, held that service pursuant to Section 415.40 "is effected on the date of mailing of a summons in the form provided for...," not the tenth day after such mailing. *Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243, 252 (1985); *see also Newport Components, Inc. v. NEC Home Elecs., Inc.*, 671 F. Supp. 1525, 1543 (C.D. Cal. 1987) (citing *Johnson & Johnson* with approval). The *Johnson & Johnson* court explained that the 10-day period in Section 415.40 is simply "a grace period before the time for the defendant to answer begins to run." *Id.* at 250.

The Northern District of California has addressed the timeliness of removal in cases like this where the plaintiff served the defendant pursuant to Section 415.40, holding that the 30-day time period begins to run on the date plaintiff mails the summons and complaint and adding an additional three days pursuant to Fed. R. Civ. P. 6(e). *Orr v. Trina, Inc.*, 1994 WL 28028 (N.D. Cal. 1994) (Conti, J., remanding case because not removed within 33 days of mailing); *Whiting v. Hertling Indus., Inc.*, 1993 WL 69186 (N.D. Cal. 1993) (Jensen, J., same); *but see Big B Auto. Warehouse Distribs., Inc. v. Coop. Computing, Inc.*, 2000 WL 1677948 (N.D. Cal. 2000) (Conti, J., remanding case based on untimeliness, stating in dicta that defendant "presumably" had 40 days to remove because of 10-day grace period). The Court is neither aware of nor have the parties cited any Ninth Circuit or Central District case addressing this precise issue. The Court

holds, as the *Orr* and *Whiting* courts also held, that Defendant UTXL had 33 days from May 26, 2004, the date of mailing, to remove this action. UTXL did not file its notice of removal, however, until July 1, 2004, 36 days after the summons and complaint were mailed (*i.e.*, service became effective) pursuant to Section 415.40. The Court need not address Plaintiff's other arguments regarding the timeliness of removal in a multi-defendant case and the requirement that all defendants join in the removal. The Court hereby GRANTS Plaintiff's motion and REMANDS this case to Los Angeles Superior Court.[2] This Order is not intended for publication.

IT IS SO ORDERED.

DATE:    August 16, 2004

A. Howard Matz
United States District Judge

_____

[2] Docket No. 14.

S:\GC\Mitsui Sumitomo Ins Co\remand order.wpd

4